**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 12-cv-02568-REB

TRACY L. BARROWS,

      Plaintiff,

v.

CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security,

      Defendant.

---

**ORDER REVERSING DISABILITY**
**DECISION AND REMANDING TO COMMISSIONER**

---

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#1],[2] filed September 27, 2012,

seeking review of the Commissioner's decision denying plaintiff's claim for disability

insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I

have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

The matter has been fully briefed, obviating the need for oral argument. I reverse and

remand.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she is disabled as a result of degenerative lumbosacral disc

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and thus her name is substituted for that of Michael J. Astrue as the defendant in this suit. **FED. R. CIV. P.** 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action need to taken to continue this lawsuit.

[2] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

disease, partial left foot drop, depression, and anxiety.  After her application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge.  This hearing was held on April 29, 2011.  At the time of the hearing, plaintiff was 43 years old.  She has a high school education and past work experience as an accountant, office manager, and administrative assistant.  She has not engaged in substantial gainful activity since December 31, 2007, her alleged date of onset.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations.  The ALJ found that plaintiff had the residual functional capacity to perform sedentary work with exertional and nonexertional restrictions.  Although this finding precluded plaintiff's past relevant work, the ALJ concluded that there were jobs existing in significant numbers in the national and local economies that she could perform.  He therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and/or mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the

impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518,

1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).   However, the mere existence of

a severe impairment or combination of impairments does not require a finding that an

individual is disabled within the meaning of the Social Security Act.  To be disabling, the

claimant's condition must be so functionally limiting as to preclude any substantial

gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater,*** 62 F.3d

335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for

determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ  must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  ***See also Williams v. Bowen*** 844 F.2d 748, 750-52 (10th

Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  *Id.*  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  *Id.*

### III.  LEGAL ANALYSIS

Plaintiff presents numerous arguments in this appeal.  Because I find that the

ALJ committed legal error in failing to more fully substantiate his conclusion that

plaintiff's spinal impairment did not meet or equal the listing of impairments, I decline to

address the remaining arguments.  *See Watkins v. Barnhart*, 350 F.3d 1297, 1299

(10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because

they may be affected by the [administrative law judge's] treatment of the case on

remand."); *accord Gorringe v. Astrue*, 898 F.Supp.2d 1220, 1225-26 (D. Colo. 2012).

Plaintiff argues that the ALJ erred at step 3 of the sequential evaluation by failing

to discuss the reasons why he found plaintiff's degenerative disc disease did not meet

or equal section 1.04A of the listing of impairments.[3]  Spinal disorders are presumptively

disabling when the following criteria, *inter alia*, are met:

> Disorders of the spine (e.g., herniated nucleus pulposus,
> spinal arachnoiditis, spinal stenosis, osteoarthritis,
> degenerative disc disease, facet arthritis, vertebral fracture),
> resulting in compromise of a nerve root (including the cauda
> equina) or the spinal cord.  With:
>
> A. Evidence of nerve root compression characterized by
> neuro-anatomic distribution of pain, limitation of motion of
> the spine, motor loss (atrophy with associated muscle
> weakness or muscle weakness) accompanied by sensory or
> reflex loss and, if there is involvement of the lower back,
> positive straight-leg raising test (sitting and supine)[.]

---

[3]  The Commissioner's listing of impairments, 20 C.F.R. Pt. 404, Subpt. P, App. 1 (effective Aug. 2, 2010), sets forth medical criteria pursuant to which impairments of various bodily systems will be considered presumptively disabling. 20 C.F.R. § 404.1520(d). *See Sullivan v. Zebley*, 493 U.S. 521, 532, 534-35, 110 S.Ct. 885, 893, 107 L.Ed.2d 967 (1990).  Section 1.00 addresses disorders of the musculoskeletal system, and section 1.04 thereunder deals specifically with disorders of the spine.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.[4]  To be considered presumptively

disabling, an impairment must meet all of the criteria of both the capsule definition and

the particular subsection.  ***See Sullivan v. Zebley***, 493 U.S. 521, 531, 110 S.Ct. 885,

891, 107 L.Ed.2d 967 (1990) ("An impairment that manifests only some of those criteria,

no matter how severely, does not qualify.") (footnote omitted).

The ALJ here recited the substance of section 1.04A and stated that the record

contained no evidence demonstrating that any of the requirements of the listing were

met.  (Tr. 12.)[5]  This is simply inacurrate.  MRI and EMG testing performed in 2006

showed that plaintiff has lumbar spinal stenosis, with some evidence of compression of

the L4 and L5 nerve roots.  There also is evidence of severe, chronic radiculopathy

associated with plaintiff's lumbar impairment (***see*** Tr. 434-437), some loss of range of

motion in the spine (Tr. 311), muscle weakness, atrophy of the muscles associated with

the affected vertebrae, neuropathy, and positive straight leg raising.  (Tr. 492.)

To be sure, this evidence was not uncontroverted.  For example, Dr. William

Qutub, a consultative examiner who assessed plaintiff in July 2009, reported no muscle

atrophy and negative straight leg raising, and normal strength throughout the lower

---

[4]  Plaintiff does not challenge the ALJ's finding that he did not meet the requirements of section 1.04C, which require proof of "[l]umbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04C. The "inability to ambulate effectively" requires that the claimant have "insufficient lower extremity functioning . . . to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities." ***Id.*** § 1.00(B)(2)(b)(1). Although plaintiff uses a single point cane to walk, there is no evidence that it limits the functioning of both his upper extremities.

[5]  The ALJ also stated that state agency physicians concluded that plaintiff's impairments did not meet the listing.  (Tr. 12.)  I can find no evidence of any such medical statements in the record, and the Commissioner points to none.

extremities.  (Tr. 311-312.)  Nevertheless, plaintiff's treating physician, Dr. Richard

Stieg, stated that plaintiff's condition had worsened appreciably since Dr. Qutub's

examination, an opinion he supported by reference to a more recent MRI and X-rays.

(Tr. 467-468.)

The ALJ erred in failing to acknowledge and discuss this evidence.  ***See Groberg***

***v. Astrue***, 415 Fed. Appx. 65, 72 (10th Cir. Feb. 17, 2011).  "In the absence of ALJ

findings supported by specific weighing of the evidence, we cannot assess whether

relevant evidence adequately supports the ALJ's conclusion that appellant's

impairments did not meet or equal any Listed Impairment, and whether he applied the

correct legal standards to arrive at that conclusion."  ***Clifton v. Chater***, 79 F.3d 1007,

1009 (10th Cir. 1996).  Such is the case here, and remand therefore is warranted.[6]

**THEREFORE, IT IS ORDERED** as follows:

1.  That the conclusion of the Commissioner through the Administrative Law

Judge that plaintiff was not disabled is **REVERSED**; and

2. That this case is **REMANDED** to the ALJ, who is directed to

   a.   Reevaulate whether plaintiff's degenerative disc disease meets the

        requirements of section 1.04A of the listings;

   b.   Recontact any treating, examining, or reviewing sources for further

        clarification of their findings, seek the testimony of additional

        medical or vocational experts, order additional consultative or other

---

[6]  Plaintiff asks me to direct an award of benefits in his favor.  Given the ambiguity introduced by Dr. Richman's 2010 opinion, I find it would not be proper to exercise my discretion in that regard here. ***See Nielson v. Sullivan***, 992 F.2d 1118, 1122 (10th Cir. 1993).  However, by this decision, I do not find or imply that plaintiff is or should be found to be disabled.

       examinations, or otherwise further develop the record as she

       deems necessary;

    c.    Reevaluate his determinations at the remaining steps of the

       sequential evaluation; and

    d.    Reassess the disability determination.

Dated May 15, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackbum
United States District Judge